UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-00085-BR

| | |
|---|---|
| CECELIA D. WALTON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the 8 May 2017 motion to dismiss filed by defendant North Carolina Department of Health and Human Services ("NCDHHS"). (DE # 15.) Plaintiff filed a response in opposition on 16 May 2017, in which she requests leave to amend her complaint should the court grant the motion to dismiss. (DE # 18.) NCDHHS did not file a reply brief, and the time within which to do so has expired. This matter is therefore ripe for disposition.

## I. BACKGROUND

Plaintiff was laid off from her employment at NCDHHS on 30 June 2014. (Compl., DE # 5, at 4.) After being laid off, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Id.) Plaintiff was rehired in May 2015 as a trainee with Disability Determination Services ("DDS"), a division within NCDHHS. (Id.) In October 2015, the EEOC issued plaintiff a right to sue letter, notifying her that she had 90 days to file suit against NCDHHS for the alleged discriminatory conduct. (Id.)

Plaintiff alleges that she was subjected to continuous harassment from her trainer, Robert Englander, after she was placed in the work unit at DDS. According to plaintiff, Englander

discussed his penile cancer and penis during her daily training sessions, and his inappropriate comments were supported by her supervisor, Tim Wilson. (Id.) Plaintiff further alleges that Englander failed to properly train her and review her work. (Id.) On 19 January 2016, plaintiff complained about this treatment to an EEO officer within NCDHSS. (Id.) Plaintiff was fired nine days later on 28 January 2016. (Id.) According to plaintiff, her termination occurred soon after the initial 90-day period for her to file suit had expired. (Id.)

On 7 March 2017, Magistrate Judge Robert T. Numbers, II granted plaintiff leave to proceed *in forma pauperis* and found plaintiff's complaint survived review under 28 U.S.C. § 1915e(2). (DE # 4.) Thereafter, plaintiff's complaint was filed. (DE # 5.) In her complaint, plaintiff alleges that she was discriminated against based on her age and sex, that she was subjected to a hostile work environment, and that NCDHHS retaliated against her for complaining about the discrimination. (Id. at 2-3.)

## II. STANDARD OF REVIEW

NCDHHS moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mem., DE # 16, at 1.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the court is required to liberally construe *pro se* complaints, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court "need not overlook a clear failing to provide factual enhancement in support of a particular claim that would cause the Court to

conclude it is facially plausible," Joyner v. Poole, No. 4:14-CV-208-BO, 2015 WL 1179492, at *2 (E.D.N.C. Mar. 13, 2015) (citing Iqbal, 556 U.S. at 678).

## III. ANALYSIS

### A. Age and Sex Discrimination Claims

Plaintiff first alleges that she was discriminated against based on her age and sex. Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Additionally, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." The ADEA's age-based protections apply to individuals who are at least 40 years of age. 29 U.S.C. § 631.

NCDHHS argues that plaintiff's age and sex discrimination claims must be dismissed because plaintiff has failed to plead sufficient facts to establish the elements of a *prima facie* case of discrimination under Title VII or the ADEA. (Def.'s Mem., DE # 16, at 4-5.) The Supreme Court has indicated that "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss" because "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 510 (2002). However, the Fourth Circuit Court of Appeals has emphasized that Swierkiewicz did not abrogate the requirement that the plaintiff allege "facts sufficient to state all the elements of her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); see Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)

(explaining that Swierkiewicz does not nullify the heightened pleading requirements of Twombly and Iqbal).

A plaintiff's *prima facie* case requires proof of the same elements for both sex discrimination under Title VII and age discrimination under the ADEA. See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004). To demonstrate a *prima facie* case of sex or age discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations; and (4) "the adverse employment action occurred under circumstances raising an inference of unlawful discrimination." Webster v. Rumsfeld, 156 F. App'x 571, 578 (4th Cir. 2005) (citing Hill, 354 F.3d at 285).

In her complaint, plaintiff alleges that she was terminated, despite successfully completing classroom training, because she was both over 40 and a female. (Compl., DE # 5, at 4.) To demonstrate that her termination was based on her age and sex, plaintiff focuses on Englander's frequent comments about his anatomy during training sessions. (Id.) While these comments were likely unwelcome and uncomfortable for plaintiff, plaintiff has to failed to allege facts showing a "nexus . . . between the alleged discriminatory statements and . . . the employment decisions made by [the employer]." EEOC v. Clay Printing Co., 955 F.2d 936, 942 (4th Cir. 1992). Although plaintiff claims that Englander made unwelcome comments, and that Wilson supported these comments, she does not allege that the subject matter of these comments related in any way to her termination or that either Englander or Wilson were involved in her termination. See Green v. Fairfax Cty. Sch. Bd., 832 F. Supp. 1032, 1039 (E.D. Va. 1993) (concluding that gender-based comments made by plaintiff's manager to another employee were "not indicative of any intention by [the manager] to make any decision in any manner

4

unfavorable to women generally or to [plaintiff] in particular"), aff'd 23 F.3d 400 (4th Cir. 1994); see also Johnson v. Angels, 125 F. Supp. 3d 562, 567 (M.D.N.C. 2015) (dismissing plaintiff's discriminatory discharge claim because she failed to allege any facts to suggest a nexus between her discharge and racially discriminatory remarks made by company's executive director). The court therefore finds that plaintiff's allegations are insufficient to give rise to a reasonable inference that her termination was motivated by her age or sex.

Plaintiff also asserts that Englander's failure to review her work and provide her with feedback amounted to discriminatory treatment. (Compl., DE # 5, at 2, 4.) Failure to train can be considered an adverse employment action. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649-50 (4th Cir. 2002). However, plaintiff's complaint fails to allege facts sufficient to support a plausible inference of discrimination on the basis of her age or sex. While plaintiff references Englander's comments about his anatomy, she does not indicate how these comments related to Englander's failure to train her. Furthermore, plaintiff's complaint does not contain allegations about how her training differed from other similarly situated employees who were not members of her protected group. See id. (noting that to establish a *prima facie* case of employment discrimination regarding the failure to train, a plaintiff must show that she was not provided training under circumstances giving rise to an inference of discrimination—namely, that she was denied training given to other similarly situated employees who are outside of the protected class). Because plaintiff's allegations are insufficient to state a plausible claim for relief, NCDHH's motion to dismiss will be granted as it relates to plaintiff's claims of discrimination under Title VII and the ADEA.

**B. Hostile Work Environment Claims**

Plaintiff alleges that she was subjected to a hostile work environment as a result of sexual harassment and discrimination based on her age. "A hostile work environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) (alteration in original) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). To state a hostile work environment claim based on her age or sex, plaintiff must plausibly allege that: "(1) she experienced unwelcome harassment; (2) the harassment was based on her ... [age or sex]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Buchhagen v. ICF Int'l, Inc., 545 F. App'x 217, 219 (4th Cir.2013) (quoting Bass, 324 F.3d at 765).

NCDHHS moves for dismissal on the grounds that plaintiff has not plausibly alleged that she experienced harassment because of her age and sex, or that the acts alleged were severe or pervasive enough to constitute a hostile work environment. (Def.'s Mem., DE # 16, at 6.) With respect to plaintiff's claim that she was sexually harassed, "[s]exual harassment occurs when the victim is subjected to sex-specific language that is aimed to humiliate, ridicule or intimidate." Jennings v. Univ. of North Carolina, 482 F.3d 686, 691, 695 (4th Cir. 2007). Here, plaintiff claims that Englander created a hostile work environment by discussing his sexual anatomy during her training sessions. (Compl., DE # 5, at 4). She specifically alleges that Englander made comments referencing his "penis, balls, and penile cancer," and that these comments occurred on a daily basis over an eight-month period. (Id.) These allegations are sufficient to

6

put NCDHHS on notice of plaintiff's claim of sexual harassment and its grounds. Thus, NCDHHS's motion to dismiss will be denied on plaintiff's sexual harassment claim.

As to plaintiff's claim that she was subjected to a hostile work environment due to her age, plaintiff does not allege any facts demonstrating that the treatment of which she complains was motivated by her age. Plaintiff's allegations of a hostile work environment center on the alleged comments Englander made about his anatomy. There are no allegations that Englander's comments made any reference to plaintiff's age. Because there is no basis to infer that plaintiff was subjected to harassment based on her age, plaintiff's age-based hostile work environment claim will be dismissed.

## C. Retaliation Claim

Plaintiff also asserts that NCDHHS retaliated against her by terminating her employment after she filed a discrimination charge in 2015, and made a complaint to the EEO Officer at NCDHSS in January 2016. To state a retaliation claim under Title VII and the ADEA, a plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the employment action. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 410 (4th Cir. 2013). NCDHHS admits that plaintiff engaged in two protected activities, and that the termination of plaintiff's employment constituted an adverse employment action. (Def.'s Mem., DE # 16, at 7.) However, NCDHSS disputes plaintiff's allegations of a causal connection between her termination and the protected acts. (Id. at 7-8.)

"[U]nder Fourth Circuit law, very little proof is required to establish the causal link in a retaliation case; in fact, in many instances, the connection is inferred from the mere act of termination . . . " Barbier v. Durham Cty. Bd. of Educ., 225 F. Supp. 2d 617, 627 (M.D.N.C.

2002). In this case, plaintiff alleges that she was fired ten days after complaining to the EEO manager about the harassment. (Compl., DE # 5, at 4.) Additionally, plaintiff alleges that her termination occurred directly following the expiration of the time-period for her to file a complaint relating to her first EEOC complaint. (Id.) "While evidence as to closeness in time 'far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case of causality.'" Yashenko v. Harrah's NC Casino Co., 446 F.3d 546, 551 (4th Cir. 2006) (quoting Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989)). The court therefore concludes that plaintiff's factual allegations are sufficient to support a causal connection between the alleged protected acts and plaintiff's termination.

## IV. CONCLUSION

For the foregoing reasons, NCDHHS's motion to dismiss, (DE # 15), is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for unlawful retaliation and hostile work environment due to sexual harassment remain, but her claims for age and sex discrimination and hostile work environment based on her age will be dismissed with leave to amend. Should plaintiff wish to amend her complaint, she must do so no later than 30 days from the date of this order.

This 13 September 2017.

_____
W. Earl Britt
Senior U.S. District Judge