UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-00085-BR

| | | |
|---|---|---|
| CECELIA D. WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion for preliminary injunction filed by plaintiff Cecilia Walton ("plaintiff") on 12 September 2017. (DE # 19.) Defendant North Carolina Department of Health and Human Services ("NCDHHS") filed a response in opposition on 6 October 2017, in which it noted that plaintiff had not provided a supporting memorandum setting forth any argument as to why she is entitled to a preliminary injunction. (DE # 22.) Plaintiff subsequently filed a document entitled "Memorandum in Support of Plaintiff's Motion for Preliminary Injunction and Reply to Defendant's Opposition Response" on 19 October 2017. (DE # 25.) This matter has been fully briefed and is therefore ripe for disposition.

## I. BACKGROUND

Plaintiff was laid off from her employment at NCDHHS on 30 June 2014. (Compl., DE # 5, at 4.) After being laid off, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Id.) Plaintiff was rehired in May 2015 as a trainee with Disability Determination Services ("DDS"), a division within NCDHHS. (Id.)

Plaintiff alleges that she was subjected to continuous harassment from her trainer, Robert Englander, after she was placed in the work unit at DDS. Plaintiff further alleges that Englander

failed to properly train her and review her work. (Id.) On 19 January 2016, plaintiff complained about this treatment to an EEO officer within NCDHSS. (Id.) Plaintiff was fired nine days later on 28 January 2016. (Id.)

On 7 March 2017, plaintiff filed a complaint alleging that she was discriminated against based on her age and sex, that she was subjected to a hostile work environment, and that NCDHHS retaliated against her for complaining about the discrimination. (DE # 5, at 2-3.) By order dated 14 September 2017, this court dismissed plaintiff's claims for age and sex discrimination and for hostile work environment based on her age. (DE # 21.) Plaintiff's claim for unlawful retaliation and hostile work environment due to sexual harassment remain. (Id. at 8.)

On 12 September 2017, plaintiff filed a motion for preliminary injunction based on her difficulty in finding other employment. (DE # 19.) Plaintiff alleges that NCDHHS has engaged in retaliatory practices. (Id.) Specifically, she claims that NCDHSS had her fired from a position she held at the North Carolina Department of State Treasurer from February 2016 to August 2016, provided negative references to prospective employers, and continues to cause severe harm to her employment. (Id. at 1.)

### III. ANALYSIS

Plaintiff seeks to have the court issue a preliminary injunction prohibiting NCDHHS from interfering with her employment and providing negative references to prospective employers. The grant of a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In order to obtain a preliminary injunction, a movant must establish the following: (1) there is a likelihood of success on the merits; (2) there is a

likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. Id. The movant "bears the burden of establishing that each of these factors supports granting the injunction." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991).

A plaintiff seeking a preliminary injunction "must make a clear showing of actual and immediate irreparable harm." N.C. Growers' Ass'n, Inc. v. Solis, 644 F. Supp. 2d 664, 668 (M.D.N.C. 2009) (citing Direx, 952 F.2d at 812). Here, plaintiff alleges that she will likely suffer irreparable harm because NCDHSS "is doing everything to interfere with and keep [her] from being employed[.]" (Pl.'s Supp. Mem., DE # 25, at 2.) Plaintiff's complaint contains no allegations regarding her efforts to secure employment following her termination, nor does it contain any allegations regarding whether NCDHHS interfered in these efforts. Instead, plaintiff relies on several documents attached to her memorandum in support of the motion for preliminary injunction. (See DE # 25-1.) Plaintiff contends that these documents show that she remained on NCDHHS's payroll through August 2016 despite working in a position at a different state agency from February 2016 through August 2016, and that she received a Medicaid card that contained false information about her mental health status from NCDHHS through the Wake County Department of Social Services ("Wake County DSS") in October 2017. (DE # 25, at 1-2.)

The court finds that the information contained in the referenced documents simply does not support the conclusion advanced by plaintiff that NCDHHS interfered with her employment and provided negative information to potential employers. In fact, plaintiff states in her brief that she unsuccessfully sought employment with Wake County DSS in 2016, the year before NCDHHS allegedly printed false information on her Medicaid card. (See id. at 2.) Plaintiff

3

provides no other evidence to show whether NCDHHS shared or communicated any other information to her employers or prospective employers so as to cause her harm.  Given the strict standard for issuance of a preliminary injunction, plaintiff has simply not made a "clear showing" of likelihood of irreparable harm such as would allow the court to issue a preliminary injunction.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction, (DE # 19), is DENIED.

This 27 February 2018.

_____
W. Earl Britt
Senior U.S. District Judge